UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

-----------------------------------------------------------------------

**DARREN HONOR,**

       **Plaintiff,**

                                              Case: 6:20-cv-06126-SOH

- v. -

**TAMAYO SALVADOR and
FORZA TRANSPORTATION SERVICES, INC.,**      Trial by Jury
               **Defendants.**                     Demanded

-----------------------------------------------------------------------

## COMPLAINT

Plaintiff, **DARREN HONOR**, by his counsel, **BENNY COUNCIL, ESQ., and GEOFFREY D. KEARNEY,** respectfully alleges and shows this Court the following upon knowledge, information and belief:

## PARTIES

**FIRST**: At all times relevant, Plaintiff was and still is a citizen of the State of Louisiana, residing in New Orleans.

**SECOND**: At all times relevant, Defendant TAMAYO SALVADOR was and still is a citizen of Mexico and, if lawfully admitted for permanent residence in the United States, is not domiciled in Louisiana, the same state as the Plaintiff.

1

**THIRD**: At all times relevant, Defendant FORZA TRANSPORTATION SERVICES, INC. ("FORZA") was and still is a domestic Texas corporation having its principal offices in Laredo, TX.

**FOURTH**: At all times relevant, Defendant SALVADOR was an agent, servant and/or employee of Defendant "FORZA."

**FIFTH**: At all times relevant, Defendant "FORZA" owned a certain tractor-trailer bearing Texas license plate number R386154 and VIN 1FUJHHDR8JKJG0057.

**SIXTH**: At all times relevant, Defendant SALVADOR operated and/or drove Defendant "FORZA's" vehicle with its permission and/or consent, either express or implied and/or in furtherance of his work as an agent, servant and/or employee of Defendant "FORZA."

## JURISDICTION AND VENUE

**SEVENTH**: The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**EIGHTH**: Diversity jurisdiction exists pursuant to 28 USC §1332(a) and (b).

**NINTH**:  Venue is within the Western District of Arkansas, pursuant to 28 USC §1391, because a substantial part of the events or omissions giving rise to the causes of action occurred in Malvern, AR, in the County of Hot Spring.

### FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST BOTH DEFENDANTS

**TENTH**:  Plaintiff repeats allegations FIRST through NINTH, inclusive.

**ELEVENTH:**  On September 12, 2018 at approximately 4:00 A.M, Plaintiff was lawfully in, on and/or upon a certain tractor-trailer while properly and lawfully parked and fully stopped off the public roads in an area near a "Cato" clothing outlet in Malvern, AR.

**TWELFTH**:  At the aforesaid time and place, Defendant "SALVADOR" was operating and/or driving Defendant "FORZA's" vehicle in furtherance of his duties as an agent, servant and/or employee of Defendant "FORZA" and caused it to make violent contact with Plaintiff's tractor-trailer.

**THIRTEENTH**:  The aforesaid occurrence was proximately and legally caused by the negligence, carelessness and/or recklessness of Defendant "SALVADOR" for which Defendant "FORZA" is vicariously liable in fact and by operation of law as the owner of the vehicle and/or as Plaintiff's employer.

**FOURTEENTH**: The negligence, carelessness and/or recklessness of the Defendants included, among other things: in failing, omitting and/or improperly seeing what was there to be seen; in operating and/or driving a tractor-trailer when it was unsafe, careless and/or reckless to do so; in failing, omitting and/or improperly complying with state and federal statutes, rules and/or regulations, including those applicable to commercial drivers operating such equipment; in operating and/or driving the tractor-trailer at an unsafe speed under the circumstances existing; and in other ways being negligent, careless and/or reckless in the premises. In addition to the foregoing, Plaintiff reserves the right to rely upon the doctrine of *res ipsa loquitor*.

**FIFTEENTH**:  By reason of the foregoing, Plaintiff was caused to fall from the tractor cabin bunk of his vehicle where he was sleeping and be violently precipitated in and around the tractor cabin which has caused him to: become sick, sore, lame and/or disabled;  suffer severe, serious and/or permanent injuries in and about diverse parts of his body; seek medical care, aid, attention and treatment; suffer an exacerbation of one or more underlying active and/or latent medical conditions; incur expenses for medical aid, care, attention and treatment;  incur lost income; and in other ways lose the enjoyment of life and incur other special damages.

**SIXTEENTH**:  By reason of the foregoing, Plaintiff has sustained monetary damages in excess of $75,000 in an amount to be determined by a jury, in addition to such other and further relief as to this Court may seem just and proper including costs, disbursements, interest and attorney's fees, if applicable.

### SECOND CAUSE OF ACTION FOR NEGLIGENT VEHICLE MAINTENANCE AND NEGLIGENT HIRING, SUPERVISION, TRAINING AND/OR RETENTION AGAINST DEFENDANT "FORZA"

**SEVENTEENTH:**  Plaintiff repeats allegations "FIRST" through 'SIXTEENTH," inclusive.

**EIGHTEENTH:**  At all times relevant, Defendant "FORZA" failed, omitted and/or improperly hired, trained, supervised and/or retained the services of Defendant "SALVADOR" by, among other things: not confirming by properly administered tests and other means his ability to operate and/or drive the tractor-trailer in compliance with state and federal statutes, rules and/or regulations, including those of the federal FMCSA; failing, omitting and/or improperly limiting Defendant "SALVADOR's" operation and/or driving to the maximum hours allowable in accordance with law; in intentionally causing, permitting and/or allowing its agents, servants and/or employees, including Defendant "SALVADOR," to operate and/or drive its tractor-trailer(s) in violation of state and federal statutes, rules and/or regulations, including those of the FMCSA; and in

5

failing, omitting and/or improperly maintaining its tractor-trailer(s) in accordance with state and federal statutes, rules and/or regulations and each vehicle's manufacturer's service manual, including that of VIN 1FUJHHDR8JKJG0057 herein; in addition to other acts and/or omissions constituting negligence independent of its vicarious liability.

**NINTEENTH**: By reason of the foregoing, Defendant "FORZA" proximately and legally caused the collision and the severe, serious and permanent injuries and special damages sustained by the Plaintiff.

## CONCLUSION

**TWENTIETH**: By reason of the foregoing, Plaintiff has sustained monetary damages in excess of $75,000 in an amount to be determined by a jury, in addition to such other and further relief as to this Court may seem just and proper, including costs, disbursements, interest and attorney's fees, if applicable.

**TWENTY-FIRST**: The defendants knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury yet continued such conduct with malice or reckless disregard for the consequences, from which malice may be inferred. Accordingly, Plaintiff is also entitled to punitive damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, for monetary damages in excess of $75,000 in an amount to be determined by a jury, in addition to such other and further relief as to this Court may seem just and proper, including costs, disbursements, interest and attorney's fees if applicable.

Dated: November 6, 2020

      Respectfully Submitted,

      /s/Geoffrey D. Kearney
      Geoffrey D. Kearney
      Ark. Bar No. 2012304

      The Law Office of Geoffrey D. Kearney, PLLC
      P.O. Box 8276
      Pine Bluff, AR 71611
      P: 870-376-3068
      E: GDK@gdkpllc.com

      Benny Council, (LSBA 34269)
      THE COUNCIL LAW FIRM, LLC
      419 S. Salcedo Street, Suite #2
      New Orleans, LA 70119
      Tel: (504) 822-8350
      Fax: (504) 822-8351

      *Pro Hac Vice Admission Pending*

      *Attorneys for Plaintiffs*