IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DARREN HONOR                                                                                    PLAINTIFF

v.                                            Case No. 6:20-cv-6126

TAMAYO SALVADOR and FORZA
TRANSPORTATION SERVICES, INC.                                                DEFENDANTS

**ORDER**

    Before the Court is Plaintiff Darren Honor's Motion for Partial Summary Judgment Regarding Choice of Law.  ECF No. 66.  Defendants have responded.  ECF No. 72.  The Court finds the matter ripe for consideration.

**BACKGROUND**

    On November 9, 2020, Plaintiff filed his complaint against Defendant Tamayo Salvador ("Salvador") and Defendant Forza Transportations Services, Inc. ("Forza").  ECF No. 2.  Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he seeks greater than $75,000 in damages and because Plaintiff is a citizen of Louisiana while Defendants Forza and Salvador are citizens of Texas and Mexico, respectively.  *Id*. at p. 1-2.  Plaintiff brings two claims of negligence related to a tractor trailer collision that occurred in Malvern, Arkansas.  *Id*. at p. 3-4.  Plaintiff alleges that Defendant Salvador was operating a tractor trailer on behalf of Defendant Forza when he drove into the parked tractor trailer that contained Plaintiff, causing injury to Plaintiff.  *Id*.  On October 25, 2021, Plaintiff filed an Amended Complaint, which added a third claim of negligence against Knight Specialty Insurance Company ("Knight") and Nautilus Insurance Company ("Nautilus").  ECF No. 34, p. 7.  Defendants Knight and Nautilus were later dismissed.  ECF Nos. 56 and 62.

On October 20, 2022, Plaintiff filed the instant motion seeking partial summary judgment regarding the applicable law in this matter. ECF No. 66. Plaintiff argues that Louisiana law should be applied to his claims. Defendants responded in opposition, arguing that Arkansas law is the more appropriate law to be applied.

## STANDARD OF REVIEW

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *See id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a

genuine issue for trial." *Anderson*, 477 U.S. at 256. A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a motion for summary judgment. *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

## DISCUSSION

Plaintiff argues that there are no material facts in dispute and that the relevant choice of law considerations justify the application of Louisiana law to his claims. ECF No. 67, p. 2-7. Plaintiff contends that an analysis of the five factors for evaluating which state's law to apply supports applying Louisiana law. Plaintiff notes that the first two factors, predictability of results[1] and maintenance of interstate order, are generally not germane for accidents. For the factor considering simplification of judicial task, Plaintiff contends that Louisiana law would be easier to apply and is potentially outcome determinative. Plaintiff contends so because there is a presumption of negligence in Louisiana law when one vehicle rears-ends another and because Louisiana's comparative fault statute purely proportions damages even if a Plaintiff is found more at fault. As to the factor considering the forum's governmental interest, Plaintiff contends that Arkansas has no interest in this matter beyond the fact that the collision occurred in Arkansas. Noting that Plaintiff is a citizen of Louisiana and is receiving his medical care in Louisiana, Plaintiff argues that this factor supports the application of Louisiana law. Lastly, Plaintiff argues that the final factor considering the better rule of law is neutral because courts in one state are

---

[1] Plaintiff makes a peculiar argument regarding the predictability of results factor after conceding that this factor is not implicated in vehicle accidents. Plaintiff contends that the results would likely be different if Arkansas law is applied instead of Louisiana law because Arkansas does not permit a plaintiff to recover any damages if found to be more than 50% at fault for the litigated occurrence. ECF No. 67, p. 3-4. In making this argument, Plaintiff seems to be conceding that he is likely the party most at fault and that he needs Louisiana law to apply in order to recover any damages for his claims.

3

typically unwilling to pass judgment on the legitimacy or quality of the laws of another state. Plaintiff concludes that the summation of these considerations supports Louisiana law being the most appropriate law to apply to his claims.

Defendants' response in opposition argues that the relevant considerations support the application of Arkansas law to Plaintiff's claims. ECF No. 72, p. 2-5. Defendants first note that they agree that no material facts relevant to this determination are in dispute.[2] Defendants then agree with Plaintiff that the first two considerations are generally neutral or not relevant to claims arising out of a vehicle accident. As to the factor regarding simplification of judicial task, Defendants contend that the comparative fault laws of Arkansas, Louisiana, and Texas are each equally easy to apply and that this factor does not weigh in support of applying any one state's law. Defendants then contend that the factor considering the forum's governmental interest clearly supports applying Arkansas law to these claims because the accident and injury occurred in Arkansas and because Arkansas has a strong interest in providing redress to those injured in vehicle accidents within its borders. For the last factor regarding the better rule of law, Defendants agree that there is no genuine argument for any state's law being superior, archaic, or unfair. Defendants conclude that the forum's interest is the only factor that is genuinely relevant in determining which law to apply and should lead the Court to find that Arkansas law is the most appropriate for this matter.

A federal court sitting in diversity generally applies the law of the forum state. *See Pals v. Weekly*, 12 F.4th 878, 881 (8th Cir. 2021). Courts sitting in diversity also apply the choice-of-law principles of the forum state. *See Miller v. Honkamp Krueger Financial Services, Inc.*, 9 F.4th

---

[2] However, Defendants do state that they dispute Plaintiff's asserted fact that Defendant Salvador crashed into Plaintiff. ECF No. 72, p. 2-3. Defendants assert that it was Plaintiff who backed into the tractor-trailer driven by Defendant Salvador. *Id*.

1011, 1016 (8th Cir. 2021); *and see George K. Baum & Co. v. Twin City Fire Ins. Co.*, 760 F.3d 795, 799 (8th Cir. 2014) ("Which state's law applies is a legal question decided by the law of the forum state"). Accordingly, the Court must examine Arkansas' choice-of-law principles to determine which law to apply to Plaintiff's claims. *See Miller*, 9 F.4th at 1016.

Under Arkansas law, choice of law determinations are made using a combination of the lex loci delecti doctrine ("lex loci") and the five "Leflar" factors. *See Ganey v. Kawasaki Motor Corp., U.S.A.*, 366 Ark. 238, 250-51, 234 S.W.3d 838, 846-47 (Ark. 2006) (overruled on other grounds by *Lawson v. Simmons Sporting Goods, Inc.*, 2019 Ark. 84, 569 S.W.3d 865); *Schubert v. Target Stores, Inc.*, 360 Ark. 404, 409-10, 201 S.W.3d 917, 921-22 (Ark. 2005). The lex loci doctrine has been described as holding that "the law of the place where the wrong took place is the proper choice of law." *Ganey*, 366 Ark. at 251, 234 S.W.3d at 846. However, the lex loci doctrine functions more as a measure of which state has the most "significant relationship" or the most "contacts" with the parties and claims at issue. *See id.* at 251-52; *see also Schubert*, 360 Ark. at 410, 201 S.W.3d at 922. The mechanical nature of the lex loci doctrine is softened by consideration of the five Leflar factors, which are: "(1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law." *Id*.

The Court finds that the balance of the lex loci doctrine and Leflar factors result in Arkansas' law being the more appropriate law to apply to Plaintiff's claims. First, the lex loci doctrine weighs slightly in favor of Arkansas being the state with the most significant relationship with this matter. Defendants are citizens of Texas and Mexico, while Plaintiff is a citizen of Louisiana.[3] However, the Court does not view those contacts with other states as overcoming the

---

[3] Plaintiff was an independent contractor at the time of the collision and was not employed by a Louisiana entity. ECF No. 67, p. 6.

fact that the accident, alleged negligence, and alleged injuries to Plaintiff all occurred in Arkansas. This is not an instance in which an issue related to worker's compensation collected pursuant to the laws of another state supersedes the location of the accident and injury, *see Sparks v. Riverwood Investments, LLC*, No. 6:17-cv-6077-RTD 2019 WL5075833, at *3 (W.D. Ark. Oct. 9, 2019), or an instance in which all alleged negligent acts occurred in a state other than the location of the accident and injury. *See Ganey*, 366 Ark. at 251, 234 S.W.3d at 846. Therefore, the Court finds that Arkansas has the most significant relationship with Plaintiff's negligence claims as the location of the alleged accident and injury to Plaintiff.

The Court also finds that the Leflar factors are either neutral or slightly in favor of Arkansas law being the most applicable to Plaintiff's claims. As to predictability of results, the Court agrees with the parties that this factor is mostly irrelevant. The predictability consideration has "no bearing" on accidents or unplanned injuries. *Schlemmer v. Fireman's Find Ins. Co.*, 292 Ark. 344, 347, 730 S.W.2d 217, 219 (Ark. 1987). The Court also agrees that the consideration of interstate order is not significantly implicated in this instance, though the Court has previously determined that Arkansas has the more significant relationship to these claims. *See Ganey*, 366 Ark. at 252, 234 S.W.3d at 847 (noting that maintenance of interstate order favored applying the law of the state with the "more significant relationship" to the parties).

The Court is not persuaded by Plaintiff's arguments that the third factor regarding simplification of judicial task favors the application of Louisiana law. This factor considers if any state's law is "outcome determinative" and "easy to apply." *Schubert*, 360 Ark. at 41, 201 S.W.3d at 922-23. The ease of applying one law or another is not significant because a "federal district court is faced almost daily with the task of applying some state's law other than that of the forum state, and it is equally capable of resolving the dispute under Louisiana or Arkansas law." *Hughes*

6

*v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 621 (8th Cir. 2001). Thus, the ease of applying either Arkansas or Louisiana law has no bearing on this factor. Further, Plaintiff's contention that the Louisiana statute[4] regarding following vehicles on roadways would simplify a finding of negligence against Defendants seems inapplicable to this matter because Plaintiff alleges he was not on a roadway and that he was not driving at the time of the collision.[5] As to whether either state's law is outcome determinative, that consideration focuses more on whether one state's laws will bar the claim in its entirety rather than considering potential limitations on damages. *See Ganey*, 366 Ark. at 252, 234 S.W.3d at 847; *Schubert*, 360 Ark. at 411, 201 S.W.3d at 922-23. Therefore, the Court finds that this factor does not favor the application of either state's law.

For the factor considering the advancement of a forum's governmental interests, the Court finds that neither Arkansas nor Louisiana has a clearly greater interest in having their law apply. Louisiana's interest in protecting its citizens from acts of negligence in another state is matched by Arkansas' interest in offering individuals redress from acts of negligence that occur within its territory. To the extent that this factor considers which forum has the most "contacts" with the claim, the Court determined above that Arkansas has the slight edge in having the most significant relationship to the claims. *See Schubert*, 360 Ark. at 411, 201 S.W.3d at 923 (evaluating a state's "contacts" with the claim when weighing the governmental interest factor). Accordingly, this factor does not clearly favor the application of either Arkansas' or Louisiana's law and might slightly weigh in favor of Arkansas law.

---

[4] La. Stat. Ann. § 32:81 ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.")
[5] An odd contradiction in the asserted facts emerges during Plaintiff's argument regarding the ease of applying Louisiana law. Plaintiff's Amended Complaint alleges that the tractor trailer operated by Plaintiff was parked and that Plaintiff was asleep in the cabin bunk at the time of the collision. ECF No. 34, p. 4-5. However, in Plaintiff's Statement of Undisputed Facts in support of the instant motion, Plaintiff alleges that the vehicle driven by Defendant Salvador collided with the rear of the vehicle "driven" by Plaintiff. EF No. 66-1, p. 2.

7

As to the last factor, the Court agrees with both parties that the consideration of which state has the better law is not applicable. This factor examines whether any suggested state's law could be considered "archaic and unfair." *Schlemmer*, 292 Ark. at 347, 730 S.W.2d at 219. Courts should generally refrain from declaring one state's law superior to another unless it is clear that the law of one state fits the "archaic and unfair" description. *See Hughes*, 250 F.3d at 621-22. The Court does not view either Arkansas' or Louisiana's applicable negligence laws as fitting that standard and this factor does not favor either state.

In sum, the Court finds that an examination of the lex loci doctrine and the Leflar factors weigh in favor of Arkansas law being the appropriate law to apply to Plaintiff's claims. Therefore, Arkansas law will apply to these claims and Plaintiff's request to apply Louisiana law cannot be granted.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion for Partial Summary Judgment to Determine Choice of Law (ECF No. 66) should be and hereby is **DENIED**. The Court will apply Arkansas law to Plaintiff's claims.

**IT IS SO ORDERED**, this 18th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge